## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN HANCOCK, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION |
| | § | NO. __5:20-cv-785_____ |
| SECURITAS SECURITY SERVICES | § | |
| USA, INC.    , | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT SECURITAS SECURITY SERVICES USA, INC.
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Securitas Security Services USA, Inc. ("Defendant"), who is named and has been served in Case No. 2020-CI-09505, *John Hancock v. Securitas Security Services USA, Inc.* in the 166th Judicial District Court, Bexar County, Texas, serves this notice of removal from that court to the United States District Court for the Western District of Texas, on the basis of federal question and diversity jurisdiction. The notice is based on the following grounds:

## I.
## BACKGROUND

1. On May 27, 2020, Plaintiff John Hancock ("Plaintiff") filed his *First Amended Petition and Requests for Disclosures* in the 166th Judicial District Court, Bexar County, Texas against Defendant Securitas Security Services USA, Inc., under Cause Number 2020-CI-09505.[1]

---

[1] **Exhibit A**, Plaintiff John Hancock's *First Amended Petition and Requests for Disclosure*, 166th Judicial District Court, Bexar County, Texas.

**DEFENDANT'S NOTICE OF REMOVAL**                                                                 **1**

2.      Plaintiff served Defendant's registered agent with a copy of the *First Amended Petition and Requests for Disclosures* on June 15, 2020.[2]

3.      In his *First Amended Petition*, Plaintiff alleges, among other things, a claim under the AMERICANS WITH DISABILITIES ACT ("ADA") found at 42 U.S.C. § 12101, TITLE VII OF THE CIVIL RIGHTS ACT of 1964 ("Title VII") found at 42 U.S.C. § 2000e et. seq., and/or a related state law claims under the TEXAS LABOR CODE.[3]

4.      Defendant files this *Notice of Removal* within 30 days of receiving Plaintiff's *First Amended Petition and Requests for Disclosures*. Accordingly, this Notice of Removal is timely. *See* 28 U.S.C. §1446(b)(3).

5.      Promptly after the filing of this Notice of Removal, Defendant will send written notice of the filing to Plaintiff, and a copy of this Notice of Removal will be filed in the appropriate state court—166th Judicial District Court, Bexar County, Texas —as required by 28 U.S.C. § 1446(d).

6.      In filing this Notice of Removal, Defendant does not waive any defenses that may be available to it.

## II.
## NATURE OF THE CASE AND BASIS FOR REMOVAL

7.      Removal is proper based on both diversity of the parties and federal question jurisdiction under 28 U.S.C. §§ 1331, 1441(a)-(b) and 1446.

8.      Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Bexar County, Texas, the place where the removed action has been pending.

**A.      FEDERAL QUESTION JURISDICTION (28 U.S. CODE §1331)**

---

[2] **Exhibit B**, Service of Process Transmittal.
[3] *See*, **Exhibit A**, Sections V and VI.

9.      This is a civil action in which Plaintiff clearly alleges claims under the AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101) and TITLE VII OF THE CIVIL RIGHTS ACT of 1964 (42 U.S.C. § 2000e et. seq).

10.     Pursuant to 28 U.S.C. § 1331, the United States district courts have original jurisdiction over claims grounded in the laws of the United States (*e.g.,* 42 U.S.C. §§ 12101, *et seq.*; and 42 U.S.C. § 2000e *et. seq.*).

11.     Accordingly, this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1441(c).

12.     Whereas Plaintiff alleges claims under the AMERICANS WITH DISABILITIES ACT and TITLE VII OF THE CIVIL RIGHTS ACT of 1964, the Court has supplemental jurisdiction over Plaintiff's common law, Texas-based claims for relief, under 28 U.S.C. §§ 1367(a) and 1441(c), because those claims are so related to the removed claims they form part of the same case or controversy under Article III of the United States Constitution.

**B.      DIVERSITY JURISDICTION (28 U.S. CODE §1441(B))**

13.     The underlying state court action is one in which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. §1332(a).

14.     This civil action may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441(b) because: (a) the matter in controversy exceeds the sum or value of $75,000 exclusive of costs and interest, and (b) there is complete diversity between Plaintiff John Hancock and Defendant Securitas Security Services USA, Inc.

15.     Defendant denies that Plaintiff is entitled to any relief whatsoever. However, the requirement that the amount in controversy exceeds $75,000 is satisfied because Plaintiff is

claiming damages totaling between $200,000 and $1,000,000, exclusive of attorneys' fees, interest and costs.[4]

16.     Plaintiff John Hancock was at the time of filing this action, and still is, a citizen of the State of Texas.[5]

17.     Defendant Securitas Security Services USA, Inc.'s principal place of business, corporate headquarters, and "nerve center" is located at 9 Campus Drive, Parsippany, New Jersey 07054. [6] *See*, *Hertz Corp. v. Friend*, 559 U.S. 77, 95, 130 S. Ct. 1181, 1194, 175 L. Ed. 2d 1029 (2010).

18.     Defendant Securitas Security Services USA, Inc. was incorporated under the laws of the State of Delaware.[7] *See*, *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

19.     Therefore, complete diversity of citizenship existed between the Plaintiff and Defendant both at the time of the commencement of this action, and now.[8] *See*, 28 U.S.C. § 1332(c).

20.     No hearings have been set in state court, and this Notice of Removal contains copies of all state court papers filed in Case No. 2020-CI-09505, *John Hancock v. Securitas Security Services USA, Inc.* in the 166th Judicial District Court, Bexar County, Texas.

21.     Pursuant to 28 U.S.C. § 1446(a), copies of the following state court documents are attached:[9]

**EXHIBIT E:** Index to Notice of Removal

---

[4] *See*, **Exhibit A**, ¶ 2.
[5] *See*, **Exhibit A**, ¶ 3.
[6] **Exhibit C**, Defendant Securitas Security Services USA, Inc.'s incorporation documents.
[7] *Id*.
[8] *See* **Exhibit A**, ¶ 4, where Plaintiff admits that Defendant Securitas Security Services USA, Inc. is a foreign corporation.
[9] A "Civil Court Information Sheet" has not been filed in this case. *See*, **Exhibit D**.

**DEFENDANT'S NOTICE OF REMOVAL**                                                                 **4**

**EXHIBIT F:** Bexar County, Texas Docket Sheet

**EXHIBIT G:** Citation issued to Defendant Securitas Security Services USA, Inc.

**EXHIBIT H:** Plaintiff John Hancock's Original Petition

**EXHIBIT I:** Plaintiff John Hancock's First Amended Petition and Requests for Disclosures[10]

**EXHIBIT J:** List of Counsel of Record, including address, telephone numbers, and parties represented

**EXHIBIT K:** Defendant Securitas Security Services USA, Inc. Corporate Disclosure

**EXHIBIT L:** Defendant Securitas Security Services USA, Inc. 's Notice of Filing of Notice of Removal (filed in state court)

22.     This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

### III.
### CONCLUSION AND PRAYER

23.     Because Plaintiff has asserted a claim under the laws of the United States and diversity exists between the parties, all requirements are met for removal under 28 U.S.C. §§ 1331, 1441, and 1446.  Defendant Securitas Security Services USA, Inc. hereby removes this case to this Court for trial and determination.

Respectfully submitted on **July 6, 2020**.

Respectfully Submitted,

*/s/ Jordan P. Woody*

---

[10] *See also*, **Exhibit A**.

**DEFENDANT'S NOTICE OF REMOVAL**                                                5

**Barry A. Moscowitz**
State Bar No. 24004830
**Jordan P. Woody**
State Bar No. 24085665
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-Mail: bmoscowitz@thompsoncoe.com
E-Mail: jwoody@thompsoncoe.com
**ATTORNEYS FOR DEFENDANT SECURITAS SECURITY SERVICES USA, INC.**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I certify a true and correct copy of the foregoing document was served upon Plaintiff via the Court's electronic filing system on July 6, 2020 a courtesy copy will be mailed via First Class Mail.

Colin Walsh
WILEY WALSH, P.C.
1011 San Jacinto Blvd., Ste. 401
Austin, TX 78701
Phone: (512) 271-5527
Fax: (512) 201-1263
colin@wileywalsh.com

*Attorney for Plaintiff*

*/s/ Jordan P. Woody*
Jordan P. Woody

# EXHIBIT A

FILED
5/27/2020 9:05 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By· Brenda Carrillo

m/o

CAUSE NO. 2020-CI-09505

| | | |
|---|---|---|
| JOHN HANCOCK | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | 166th JUDICIAL DISTRICT |
| SECURITAS SECURITY SERVICES USA, INC., | § § § | |
| Defendant. | § § § § § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOURES

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COMES Plaintiff and files this, his Original Petition and Request for Disclosures, and respectfully shows the following:

### I
### DISCOVERY CONTROL PLAN

1. Plaintiff intends that this suit be governed by discovery control plan level two.

2. Plaintiff seeks monetary relief more than $200,000, but less than $1,000,000.

### II
### PARTIES

3. Plaintiff John Hancock is an individual who resides in Bexar County, Texas.

4. Defendant, Securitas Security Services, USA, Inc. ("Securitas") is a foreign corporation doing business in Bexar County and may be served through its

PLAINTIFF'S ORIGINAL PETITION Page— 1

registered agent, National Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## III
## JURISDICTION AND VENUE

5. Jurisdiction is appropriate because the acts giving rise to this petition occurred in the State of Texas.

6. Venue is appropriate because the acts giving rise to this lawsuit occurred within Bexar County, Texas.

## IV
## FACTS

7. Mr. Hancock first started working for Securitas in January 2015.

8. In April 2017, he was promoted to Director of Operations for Central Texas.

9. Shortly thereafter, in November 2017, he was promoted again to Vice President of Response Services North America.

10. This promotion came with an increase in salary to at least $170,000 per year, plus medical coverage valued at around $4,000 per year, and bonuses of at least $50,000 per year, as well as other benefits.

11. In total, as a VP for Response Services, Mr. Hancock expected to make around $250,000 per year.

12. Unfortunately, after promoting him, Securitas then discriminated against him because of his disability and because Securitas perceived him as having a disability.

PLAINTIFF'S ORIGINAL PETITION Page— 2

13. Specifically, in February 2018, Mr. Hancock discovered that he had broken his back most likely in December 2017 during an incident involving Richard Holt. The fracture was discovered in February because Mr. Hancock caught the flu and had severe coughing which aggravated the fracture. The fracture was then discovered during an MRI.

14. Mr. Hancock's doctor required him to wear a back brace at all times, except in bed, for three and a half months.

15. Everyone at Securitas knew of his disability. In fact, Mr. Hancock told management and his coworkers that he had broken his back and wore the back brace at the instruction of his doctor.

16. The back brace did not prevent him from performing any of the essential job duties of VP of Response Services North America.

17. For example, even in a back brace, Mr. Hancock was able to meet the heavy travel requirements throughout the U.S. and Canada, work in the office, meet clients, and perform all other duties as assigned or required for the position.

18. In fact, Mr. Hancock performed his duties extremely well. He received multiple compliments and expressions of gratitude from his clients for still meeting with them despite his obvious disability.

19. Indeed, not a single client ever complained about seeing Mr. Hancock in a back brace.

20. Securitas, however, did not take the same view as its clients.

21. Despite receiving positive feedback from his clients, Securitas demoted Mr. Hancock because of his visible disability.

22. Securitas demoted him from VP of Response Services North America to Branch Manager of Central Texas in April 2018.

23. The demotion initially included a pay cut from the expected $250,000 a year salary to $85,000 a year, a salary decrease of $165,000. Then, starting January 1, 2019, Securitas further cut his salary by $10,000 to $75,000.

24. In total, Securitas cut his salary by $175,000 a year.

25. The demotion was done for discriminatory reasons.

26. There is direct written evidence of these discriminatory reasons.

27. Specifically, several of the written reasons for Mr. Hancock's demotion concern his disability and/or Securitas' perception that he has an impairment.

28. Here is the email the Securitas COO sent Mr. Hancock regarding the reasons for his demotion:



29. As the email shows, several of the reasons involve his disability or perceived references to a disability.

30. Moreover, several stated bases are false. For example, one written reason for the demotion is "John told the client he has cancer." This is not an accurate statement. Mr. Hancock never told a client that he had cancer. He did tell a client that he had a cancer scare and that was the reason for any recent unresponsiveness. Mr. Hancock told a client that because he did, in fact, have a cancer scare. There was nothing inappropriate about telling a customer that especially because the customer did not even complain.

31. Securitas also claims that some clients complained about Mr. Hancock. However, Securitas has never provided a single complaint to substantiate that claim.

32. Additional incidents of disability discrimination and retaliation include:

- In 2018, Securitas worked The Masters golf tournament. The day before the tournament started, Mr. Hancock met with his supervisors on location, who told him that he had been reassigned from the public-facing manager of the north entry position to one that was hidden from public view as much as possible. The reassignment meant that Mr. Hancock was put in an office by himself inside a building at the back gate. In that location, Mr. Hancock would only interact with people if they were accused of having fraudulent tickets. The stated reason for this last-minute change was "sensitivity to his condition." The

"condition" referred to Mr. Hancock's back brace. In other words, Securitas wanted to hide him because of his disability. That is direct evidence disability discrimination.

- In 2019, Mr. Hancock was similarly not invited to work the upcoming Masters golf tournament. When Mr. Hancock discussed this issue with an AVP at Securitas, the AVP referenced his past disabilities, saying that maybe not being invited would keep him from getting injured for a third year.

33. Mr. Hancock is not the only person who has been discriminated against.

34. Mr. Hancock is personally aware of several incidents of racial discrimination and discrimination against military service members. For example, Abe Barge, an African American, and Trinidad Gutierrez, a Latino, are both being paid about $10,000 less than white employees performing the same job functions. Mr. Hancock believes that this is race discrimination because there are no other differences besides race between the white employees being paid more and Mr. Barge and Mr. Gutierrez.

35. Securitas also discriminates against military servicemembers. For example, Esteban Sierra, an active duty servicemember, was paid half the annual bonus that the civilian person replacing him was paid for the same amount of work. Both of them worked only six months of the year. Therefore, their bonuses should have been equal. They were not. The only difference is that Mr. Sierra is active duty military.

36. Mr. Hancock dual filed a charge of discrimination with the EEOC and TWC on February 5, 2019.

37. On February 26, 2020, Mr. Hancock received his right to sue. On May 27, 2020, Mr. Hancock requested his right to sue from the Texas Workforce Commission.

38. All conditions precedent to the filing of this suit have been met.

## V
### FIRST CAUSE OF ACTION: ADA DISCRIMINATION

39. Plaintiff realleges and incorporates the statements and allegations in the aforementioned paragraphs as if fully stated herein.

40. Defendant is an employer under the Americans with Disabilities Act.

41. Plaintiff has a disability under the Americans with Disabilities Act.

42. Plaintiff requested accommodations for his disabilities.

43. Defendant failed to accommodate Plaintiff.

44. Defendant violated the ADA when, among the other allegations above, it disciplined, demoted, and isolated Plaintiff because of his disabilities and requests for accommodation.

45. Defendant's actions have caused damages to Plaintiff.

## VI
### SECOND CAUSE OF ACTION: ADA AND TITLE VII RETALIATION

46. Plaintiff realleges and incorporates the statements and allegations in the aforementioned paragraphs as if fully stated herein.

47.    Plaintiff engaged in protected activity when he requested accommodations and reported discrimination and retaliation he was experiencing and discrimination and retaliation that he witnessed against other employees.

48.    Defendant violated the ADA and Title VII when it disciplined, demoted, and isolated Plaintiff for engaging in those activities.

49.    Defendant's actions have caused damages to Plaintiff.

## VII
## THIRD CAUSE OF ACTION: TEXAS LABOR CODE DISCRIMINATION

50.    Plaintiff realleges and incorporates the statements and allegations in the aforementioned paragraphs as if fully stated herein.

51.    Defendant is an employer under Chapter 21 of the Texas Labor Code.

52.    Plaintiff has a disability under the Chapter 21 of the Texas Labor Code.

53.    Plaintiff requested accommodations for his disabilities.

54.    Defendant failed to accommodate Plaintiff.

55.    Defendant violated the Texas Labor Code when it disciplined, demoted, and isolated Plaintiff because of his disabilities and requests for accommodation.

56.    Defendant's actions have caused damages to Plaintiff.

## VII
## THIRD CAUSE OF ACTION: TEXAS LABOR CODE RETALIATION

57.    Plaintiff realleges and incorporates the statements and allegations in the aforementioned paragraphs as if fully stated herein.

58. Plaintiff engaged in protected activity when he requested accommodations and reported discrimination and retaliation he was experiencing and the discrimination that he witnessed against other employees

59. Defendant violated the Texas Labor Code when it disciplined, demoted, and isolated Plaintiff for engaging in that activity.

60. Defendant's actions have caused damages to Plaintiff.

## VIII
## JURY DEMAND

61. Plaintiff demands trial by jury and will tender the appropriate fee.

## IX
## REQUEST FOR DISCLOSURES

62. Defendant is requested to disclose within 50 days of service of this request the information and material described in Rule 194.2.

## X
## DAMAGES

63. Plaintiff seeks all damages allowed under the law, including monetary relief for back pay and front pay, as well as:

(a) Plaintiff seeks an injunction prohibiting Defendant from engaging in unlawful practices.

(b) Plaintiff seeks additional equitable relief as may be appropriate such as reinstatement, promotion, front pay, and court costs.

(c) Plaintiff seeks compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

(d)     Plaintiff seeks punitive damages because the violations were willful or in reckless disregard of the law.

(d)     Plaintiff seeks reasonable attorney's fees and costs including reasonable expert fees.

(e)     Plaintiff seeks pre and post judgment interest at the maximum rate allowed by law.

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendant be cited to appear and, that upon a trial on the merits, that all relief requested be awarded to Plaintiff, and for such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted.

*/s/ Colin Walsh*

Colin Walsh
Texas Bar No. 24079538
*Board Certified Specialist, Texas Board of*
*Legal Specialization, Labor and Employment Law*

WILEY WALSH, P.C.
1011 San Jacinto Blvd., Ste. 401
Austin, TX 78701
Phone: (512) 271-5527
Fax: (512) 201-1263
colin@wileywalsh.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT B

 CT Corporation

**TO:**    JOSIAH ROCHA
Securitas Security Services USA, Inc.
4330 Park Terrace Dr
Westlake Village, CA 91361-4630

**RE:**    **Process Served in Texas**

**FOR:**    Securitas Security Services USA, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | John Hancock, Pltf. vs. Securitas Security Services USA, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020CI09505 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - - |
| **ON WHOM PROCESS WAS SERVED:** | National Registered Agents, Inc., Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/15/2020 at 14:13 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/15/2020, Expected Purge Date: 07/15/2020 |
| | Image SOP |
| | Email Notification,  JOSIAH ROCHA  JOSIAH.ROCHA@SECURITASINC.COM |
| | Email Notification,  Laura Polte  Laura.Polte@securitasinc.com |
| **SIGNED:**<br>**ADDRESS:** | National Registered Agents, Inc.<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Mon, Jun 15, 2020

**Server Name:**             Tony Hitt

**Location:**                Mesquite , TX-DAL

| Entity Served | SECURITAS SECURITY SERVICES USA, INC. |
|---|---|
| Agent Name | NATIONAL REGISTERED AGENTS, INC. |
| Case Number | 2020ci09505 |
| Jurisdiction | TX-DAL |



*PSC 11703*

PRIVATE PROCESS

Case Number: 2020-CI-09505

2020CI09505 S00001

**JOHN HANCOCK**
**VS.**
**SECURITAS SECURITY SERVICES USA INC**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
166th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

*6-15-20*

## CITATION

"THE STATE OF TEXAS"

Directed To:  SECURITAS SECURITY SERVICES USA INC

BY SERVING ITS REGISTERED AGENT, NATIONAL REGISTERED AGENTS INC

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURES , a default judgment may be taken against you." Said FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURES  was filed on the 27th day of May, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 4TH DAY OF JUNE A.D., 2020.

COLIN WALSH
ATTORNEY FOR PLAINTIFF
1011 SAN JACINTO BLVD 401
AUSTIN, TX 78701-2494



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Leticia Leija*, Deputy

---

JOHN HANCOCK
VS
SECURITAS SECURITY SERVICES USA INC

**Officer's Return**

Case Number: 2020-CI-09505
Court: 166th Judicial District Court

I received this CITATION on _____ at _____o'clock ___M. and.(  ) executed it by delivering a copy of the CITATION with attached FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURES  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or (  )  not  executed  because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____. _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20____.

_____
Declarant

ORIGINAL (DK002)

# EXHIBIT C

# Delaware

**PAGE 1**

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY "SECURITAS SECURITY SERVICES USA,
INC." IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF
DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE
EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE
EIGHTH DAY OF NOVEMBER, A.D. 2002.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES
HAVE NOT BEEN ASSESSED TO DATE.



_Harriet Smith Windsor_
Harriet Smith Windsor, Secretary of State

3500796   8300                          AUTHENTICATION: 2079922

020690682                               DATE: 11-08-02

                                        TOTAL P.06



Office of the Secretary of State
Corporations Section
P.O. Box 13697
Austin, Texas 78711-3697

FILED
In the Office of the
Secretary of State of Texas

MAY 27 2004

Corporations Section

# ASSUMED NAME CERTIFICATE
# FOR FILING WITH THE SECRETARY OF STATE

1.  **The name of the corporation, limited liability company, limited partnership, or registered limited liability partnership as stated in its articles of incorporation, articles of organization, certificate of limited partnership, application for certificate of authority or comparable document is**

    Securitas Security Services USA, Inc.

2.  **The assumed name under which the business or professional service is or is to be conducted or rendered is**

    Securitas USA North Texas Professional Development Center

3.  **The state, country, or other jurisdiction under the laws of which it was incorporated,**

    **organized or associated is** Delaware                                          **and the**

    **address of its registered or similar office in that jurisdiction is**

    The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801

4.  **The period, not to exceed 10 years, during which the assumed name will be used is**

    June 1, 2004 - May 31, 2014

5.  **The entity is a (check one):**
    **A.**

    | | |
    |---|---|
    | [x] Business Corporation | [ ] Non-Profit Corporation |
    | [ ] Professional Corporation | [ ] Professional Association |
    | [ ] Limited Liability Company | [ ] Limited Partnership |
    | [ ] Registered Limited Liability Partnership | |

    **B. If the entity is some other type business, professional or other association that is incorporated, please specify below (e.g., bank, savings and loan association, etc.)**

6.  **If the entity is required to maintain a registered office in Texas, the address of the**

    **registered office is** 350 North St. Paul Street, Dallas, TX 75201

    **and the name of its registered agent**

    **at such address is** CT Corporation System

    **The address of the principal office (if not the same as the registered office) is**

    4150 International Plaza, Suite 100, Ft. Worth, TX 76109

TX022 - 4/04/00 CT System Online

7. If the entity is not required to or does not maintain a registered office in Texas, the office address in Texas is_____

_____

and if the entity is not incorporated, organized or associated under the laws of Texas, the address of its place of business in Texas is_____

_____

and the office address elsewhere is _2 Campus Drive, Parsippany, NJ 07054_____

_____

8. The county or counties where business or professional services are being or are to be conducted or rendered under such assumed name are (if applicable, use the designation "ALL" or "ALL EXCEPT")

_Tarrant county_____

_____

9. The undersigned, if acting in the capacity of an attorney-in-fact of the entity, certifies that the entity has duly authorized the attorney-in-fact in writing to execute this document.

By _____

Signature of officer, general partner, manager,
representative or attorney-in-fact of the entity
Albert Y. Park, Assistant Secretary

## NOTE

This form is designed to meet statutory requirements for filing with the secretary of state and is not designed to meet filing requirements on the county level. Filing requirements for assumed name documents to be filed with the county clerk differ. Assumed name documents filed with the county clerk are to be executed and acknowledged by the filing party, which requires that the document be notarized.

Form No. 503
Revised 9/99

TX022 - 4/04/00 CT System Online

State of California        )
                           )
County of Los Angeles      )


    On May 24, 2004, before me, Lisa M. Collet, personally appeared Albert Y. Park, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

    WITNESS my hand and official seal.



LISA M. COLLET
Commission # 12?7?1?
Notary Public - California
Ventura County
My Comm. Expires May 12, 200?

# EXHIBIT D

**Archived:** Monday, July 6, 2020 4:52:33 PM
**From:** 166th Court Clerk
**Sent:** Mon, 6 Jul 2020 21:19:33
**To:** Verweij, Beth
**Subject:** RE: Cause 2020-CI-09505; John Hancock v. Securitas Security Services USA, Inc.
**Importance:** Normal
**Sensitivity:** None

Good Afternoon,

The only things that are filed into this case are the Original Petition and the First Amended Petition.

**Daniel Diaz**
**Office of the District Clerk**
**Mary Angie Garcia**
**166th Civil District Court Clerk**
**Bexar County District Clerk**
**101 W. Nueva, Ste 217**
**San Antonio, Texas 78205**
**Office phone: (210) 335-2501**
**Clerk166@bexar.org**

**From:** Verweij, Beth [mailto:EVerweij@thompsoncoe.com]
**Sent:** Monday, July 06, 2020 4:17 PM
**To:** 166th Court Clerk
**Subject:** Cause 2020-CI-09505; John Hancock v. Securitas Security Services USA, Inc.
**Importance:** High

Good afternoon.  Can you please advise if a civil cover sheet was filed for this case and if so, provide same?  If not could you still respond back that none was filed for our records?  We are going to be filing a removal and need that information ASAP.  Thanks so muc

CAUSE NO. 2020-CI-09505

| | | |
|---|---|---|
| JOHN HANCOCK | § § § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § § | 166th JUDICIAL DISTRICT |
| SECURITAS SECURITY SERVICES USA, INC., | § § § § | |
| Defendant. | § § § § | BEXAR COUNTY, TEXAS |

**THOMPSON COE**

Beth Verweij • Legal Secretary
 Legal Secretary to Barry Moscowitz, Sean Hicks, Leslie Richardson and Jordan Woody
700 N. Pearl St., 25th Floor, Dallas, TX 75201
o: 214-880-2522

**Confidentiality Notice:** This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information exempt from disclosure under applicable law. Unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy the original and all copies of the message. Thank you.

Tax Advice Disclosure: Any U.S. federal tax advice contained in this communication, including any attachment(s), unless expressly stated otherwise, was and is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOHN HANCOCK,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION** |
| | § | **NO.** _____ |
| **SECURITAS SECURITY SERVICES** | § | |
| **USA, INC.    ,** | § | |
| | § | |
| *Defendant.* | § | |

---

**INDEX TO NOTICE OF REMOVAL**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant, Securitas Security Services USA, Inc. files this Index to Notice of Removal, containing the following documents, including materials from Case No. 2020-CI-09505, *John Hancock v. Securitas Security Services USA, Inc.* in the 166th Judicial District Court, Bexar County, Texas.[11]

**EXHIBIT E:** Index to Notice of Removal

**EXHIBIT F:** Bexar County, Texas Docket Sheet

**EXHIBIT G:** Citation issued to Defendant Securitas Security Services USA, Inc.

**EXHIBIT H:** Plaintiff John Hancock's Original Petition

**EXHIBIT I:** Plaintiff John Hancock's First Amended Petition and Requests for Disclosures

---

[11] A "Civil Court Information Sheet" has not been filed in this case. *See*, **Exhibit D**.

**EXHIBIT J:** List of Counsel of Record, including address, telephone numbers, and

parties represented

**EXHIBIT K:** Defendant Securitas Security Services USA, Inc. Corporate

Disclosure

**EXHIBIT L:** Defendant Securitas Security Services USA, Inc. 's Notice of Filing

of Notice of Removal (filed in state court)


          Respectfully Submitted,

          */s/ Jordan P. Woody*

          **Barry A. Moscowitz**
          State Bar No. 24004830
          **Jordan P. Woody**
          State Bar No. 24085665

          THOMPSON, COE, COUSINS & IRONS, L.L.P.
          700 N. Pearl Street, Twenty-Fifth Floor
          Dallas, Texas 75201-2832
          Telephone: (214) 871-8200
          Facsimile: (214) 871-8209
          E-Mail: bmoscowitz@thompsoncoe.com
          E-Mail: jwoody@thompsoncoe.com

          **ATTORNEYS FOR DEFENDANT SECURITAS SECURITY SERVICES USA, INC.**

## CERTIFICATE OF SERVICE

    In accordance with the Federal Rules of Civil Procedure, I certify a true and correct copy of the foregoing document was served upon Plaintiff via the Court's electronic filing system on July 6, 2020 a courtesy copy will be mailed via First Class Mail.

Colin Walsh
WILEY WALSH, P.C.
1011 San Jacinto Blvd., Ste. 401
Austin, TX 78701
Phone: (512) 271-5527
Fax: (512) 201-1263
colin@wileywalsh.com

*Attorney for Plaintiff*


                                        */s/ Jordan P. Woody*
                                        Jordan P. Woody

# EXHIBIT F

Case 5:20-cv-00785-ESC Document 1 Filed 07/06/20 Page 34 of 70



## COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

# Case #2020CI09505

**Name**:

**Date Filed** : 5/26/2020

**Case Status** : PENDING

**Litigant Type** : DEFENDANT

**Court** : 166

**Docket Type** : EMPLOYMENT-RETALIATION

**Business Name** : 2020CI09505

**Style** : JOHN HANCOCK

**Style (2)** : vs SECURITAS SECURITY SERVICES USA INC

Case 5:20-cv-00785-ESC Document 1 Filed 07/26/20 Page 35 of 70

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
|---|---|---|
| S00001 | 6/4/2020 | CITATION<br>SECURITAS SECURITY SERVICES USA INC<br>ISSUED: 6/4/2020 RECEIVED: 6/12/2020<br>EXECUTED: 6/15/2020 RETURNED: 6/19/2020 |
| P00003 | 5/27/2020 | FIRST AMENDED PETITION |
| P00002 | 5/27/2020 | FIRST AMENDED PETITION |
| P00001 | 5/26/2020 | PETITION |

# EXHIBIT G

FILED
6/19/2020 4:11 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Eva Garcia

Case 5:20-cv-00785-ESC     Document 1     Filed 07/06/20     Page 37 of 70

PRIVATE PROCESS

Case Number: 2020-CI-09505

2020CI09505  S00001

**JOHN HANCOCK**

VS.

**SECURITAS SECURITY SERVICES USA INC**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
166th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   SECURITAS SECURITY SERVICES USA INC

BY SERVING ITS REGISTERED AGENT, NATIONAL REGISTERED AGENTS INC

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURES , a default judgment may be taken against you." Said FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURES  was filed on the 27th day of May, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  4TH DAY OF JUNE A.D., 2020.

COLIN WALSH
ATTORNEY FOR PLAINTIFF
1011 SAN JACINTO BLVD 401
AUSTIN, TX 78701-2494



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Leticia Leija*, Deputy

---

JOHN HANCOCK
VS
SECURITAS SECURITY SERVICES USA INC

**Officer's Return**

Case Number: 2020-CI-09505
Court: 166th Judicial District Court

I received this CITATION on _the 12th of June_ at _4:13_ o'clock _P_ M. and ( ) executed it by delivering a copy of the CITATION with attached FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURES  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock __M at_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

RETURN TO COURT (DK002)

Unofficial Copy

IN THE 166TH JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

CAUSE NO. 2020-CI-09505

JOHN HANCOCK
VS
SECURITAS SECURITY SERVICES USA, INC.

## RETURN

Came to my hand: __06/12/2020__ , at __4:13__ o'clock __P.M.__ , the following specified documents:

- **Citation**
- **Plaintiff's First Amended Petition and Request for Disclosures**
- **Jury Demand**

and executed by me on <u>06/15/2020 @ 10:09 o'clock A.M., at, 1999 BRYAN ST, SUITE 900, DALLAS, TX 75201, within the county of DALLAS</u>, by delivering to <u>SECURITAS SECURITY SERVICES USA, INC., by delivering to its registered agent, NATIONAL REGISTERED AGENTS, by delivering to employee/managing agent, ANTOINETTE WILLIAMS</u>, in person, a true copy of the above specified documents having first endorsed on such copy the date of delivery.

The above-named defendant/respondent indicated that he/she is not an active member of the armed forces of the United States of America

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct .

By: (print name) Tony Glenn Hitt
PSC NO: 11703
Expiration Date: 11/30/2020
ASSURED CIVIL PROCESS AGENCY
5926 Balcones Dr. Ste. 290, Austin, TX 78731

STATE OF TEXAS }

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements/facts therein contained are within his/her personal knowledge and experience to be true and correct.  Given under my hand and seal of office on this the __19__ day of __June__, __2020__

Notary Public

KENZI MICHELS
Notary Public, State of Texas
Comm. Expires 11-03-2021
Notary ID 131340547

Unofficial Copy

# EXHIBIT H

FILED
5/26/2020 8:10 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles

Case 5:20-cv-00785-ESC    Document 1    Filed 07/06/20    Page 40 of 70
CIT PPS

# 2020CI09505

CAUSE NO. _____

|  |  |  |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| JOHN HANCOCK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 166th _____JUDICIAL DISTRICT |
| | § | |
| SECURITAS SECURITY SERVICES USA, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOURES

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COMES Plaintiff and files this, his Original Petition and Request for Disclosures, and respectfully shows the following:

## I
## DISCOVERY CONTROL PLAN

1. Plaintiff intends that this suit be governed by discovery control plan level two.

2. Plaintiff seeks monetary relief more than $200,000, but less than $1,000,000.

## II
## PARTIES

3. Plaintiff John Hancock is an individual who resides in Bexar County, Texas.

4. Defendant, Securitas Security Services, USA, Inc. ("Securitas") is a foreign corporation doing business in Bexar County and may be served through its

_____

PLAINTIFF'S ORIGINAL PETITION Page— 1

Unofficial Copy

registered agent, National Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## III
## JURISDICTION AND VENUE

5.    Jurisdiction is appropriate because the acts giving rise to this petition occurred in the State of Texas.

6.    Venue is appropriate because the acts giving rise to this lawsuit occurred within Bexar County, Texas.

## IV
## FACTS

7.    Mr. Hancock first started working for Securitas in January 2015.

8.    In April 2017, he was promoted to Director of Operations for Central Texas.

9.    Shortly thereafter, in November 2017, he was promoted again to Vice President of Response Services North America.

10.   This promotion came with an increase in salary to at least $170,000 per year, plus medical coverage valued at around $4,000 per year, and bonuses of at least $50,000 per year, as well as other benefits.

11.   In total, as a VP for Response Services, Mr. Hancock expected to make around $250,000 per year.

12.   Unfortunately, after promoting him, Securitas then discriminated against him because of his disability and because Securitas perceived him as having a disability.

---

PLAINTIFF'S ORIGINAL PETITION Page— 2

Unofficial Copy

13.    Specifically, in February 2018, Mr. Hancock discovered that he had broken his back most likely in December 2017 during an incident involving Richard Holt. The fracture was discovered in February because Mr. Hancock caught the flu and had severe coughing which aggravated the fracture.  The fracture was then discovered during an MRI.

14.    Mr. Hancock's doctor required him to wear a back brace at all times, except in bed, for three and a half months.

15.    Everyone at Securitas knew of his disability.  In fact, Mr. Hancock told management and his coworkers that he had broken his back and wore the back brace at the instruction of his doctor.

16.    The back brace did not prevent him from performing any of the essential job duties of VP of Response Services North America.

17.    For example, even in a back brace, Mr. Hancock was able to meet the heavy travel requirements throughout the U.S. and Canada, work in the office, meet clients, and perform all other duties as assigned or required for the position.

18.    In fact, Mr. Hancock performed his duties extremely well.  He received multiple compliments and expressions of gratitude from his clients for still meeting with them despite his obvious disability.

19.    Indeed, not a single client ever complained about seeing Mr. Hancock in a back brace.

20.    Securitas, however, did not take the same view as its clients.

_____
PLAINTIFF'S ORIGINAL PETITION Page— 3

Unofficial Copy

21. Despite receiving positive feedback from his clients, Securitas demoted Mr. Hancock because of his visible disability.

22. Securitas demoted him from VP of Response Services North America to Branch Manager of Central Texas in April 2018.

23. The demotion initially included a pay cut from the expected $250,000 a year salary to $85,000 a year, a salary decrease of $165,000. Then, starting January 1, 2019, Securitas further cut his salary by $10,000 to $75,000.

24. In total, Securitas cut his salary by $175,000 a year.

25. The demotion was done for discriminatory reasons.

26. There is direct written evidence of these discriminatory reasons.

27. Specifically, several of the written reasons for Mr. Hancock's demotion concern his disability and/or Securitas' perception that he has an impairment.

28. Here is the email the Securitas COO sent Mr. Hancock regarding the reasons for his demotion:

YRC: John told the client he has cancer.

24-hour Fitness: Has complained because John is unresponsive

Work Issues

John does not return employee calls or emails. They feel he is "disassociated from operations". He says Bill told him to "be a vice president" and that I the reason he doesn't engage. He doesn't know what is going on and it affects his customer interactions. He was on a call with Nancy and a client. He told Nancy that she was not allowed to speak, but that she should write down o a piece of paper what he should say.

John asked not to be copied on emails.

His wife came into the office and spent a week there. She sat in his office with a computer. John said she was doing his expense reports. She came back another time and spent the entire day. John said his wife does not like Monika because Monika is younger than her. He talks excessively about how young his wife is.

John told the staff that he broke his back. He went to the Nike store sale in a back brace and cane. Monika questioned whether that might be concerning to the client. He said, "I'll tell them I'm training for the Special Olympics".

Gets in to the office at 10:00 – 10:30 every day.

Has only been on one bi-weekly call with collectives.

John said he couldn't go to YRC because of his back, but that he was going to the Masters because, "Bill loves me and needs me there."

Employee Issues

Nancy was behind John and his wife as his wife headed into the restroom. John held the door for his wife and said (for no apparent reason), "I'll always take my wife over you."

PLAINTIFF'S ORIGINAL PETITION Page— 4

Unofficial Copy

29.     As the email shows, several of the reasons involve his disability or perceived references to a disability.

30.     Moreover, several stated bases are false.  For example, one written reason for the demotion is "John told the client he has cancer."  This is not an accurate statement.  Mr. Hancock never told a client that he had cancer.  He did tell a client that he had a cancer scare and that was the reason for any recent unresponsiveness.  Mr. Hancock told a client that because he did, in fact, have a cancer scare.  There was nothing inappropriate about telling a customer that especially because the customer did not even complain.

31.     Securitas also claims that some clients complained about Mr. Hancock.  However, Securitas has never provided a single complaint to substantiate that claim.

32.     Additional incidents of disability discrimination and retaliation include:

- In 2018, Securitas worked The Masters golf tournament.  The day before the tournament started, Mr. Hancock met with his supervisors on location, who told him that he had been reassigned from the public-facing manager of the north entry position to one that was hidden from public view as much as possible.  The reassignment meant that Mr. Hancock was put in an office by himself inside a building at the back gate.  In that location, Mr. Hancock would only interact with people if they were accused of having fraudulent tickets.  The stated reason for this last-minute change was "sensitivity to his condition."  The

PLAINTIFF'S ORIGINAL PETITION Page— 5

Unofficial Copy

"condition" referred to Mr. Hancock's back brace. In other words, Securitas wanted to hide him because of his disability. That is direct evidence disability discrimination.

- In 2019, Mr. Hancock was similarly not invited to work the upcoming Masters golf tournament. When Mr. Hancock discussed this issue with an AVP at Securitas, the AVP referenced his past disabilities, saying that maybe not being invited would keep him from getting injured for a third year.

33. Mr. Hancock is not the only person who has been discriminated against.

34. Mr. Hancock is personally aware of several incidents of racial discrimination and discrimination against military service members. For example, Abe Barge, an African American, and Trinidad Gutierrez, a Latino, are both being paid about $10,000 less than white employees performing the same job functions. Mr. Hancock believes that this is race discrimination because there are no other differences besides race between the white employees being paid more and Mr. Barge and Mr. Gutierrez.

35. Securitas also discriminates against military servicemembers. For example, Esteban Sierra, an active duty servicemember, was paid half the annual bonus that the civilian person replacing him was paid for the same amount of work. Both of them worked only six months of the year. Therefore, their bonuses should have been equal. They were not. The only difference is that Mr. Sierra is active duty military.

_____

PLAINTIFF'S ORIGINAL PETITION Page— 6

Unofficial Copy

36.    Mr. Hancock dual filed a charge of discrimination with the EEOC and TWC on February 5, 2019.

37.    On February 26, 2020, Mr. Hancock received his right to sue.  On _____, Mr. Hancock requested his right to sue from the Texas Workforce Commission.

38.    All conditions precedent to the filing of this suit have been met.

## V
## FIRST CAUSE OF ACTION: ADA DISCRIMINATION

39.    Plaintiff realleges and incorporates the statements and allegations in the aforementioned paragraphs as if fully stated herein.

40.    Defendant is an employer under the Americans with Disabilities Act.

41.    Plaintiff has a disability under the Americans with Disabilities Act.

42.    Plaintiff requested accommodations for his disabilities.

43.    Defendant failed to accommodate Plaintiff.

44.    Defendant violated the ADA when, among the other allegations above, it disciplined, demoted, and isolated Plaintiff because of his disabilities and requests for accommodation.

45.    Defendant's actions have caused damages to Plaintiff.

## VI
## SECOND CAUSE OF ACTION: ADA AND TITLE VII RETALIATION

46.    Plaintiff realleges and incorporates the statements and allegations in the aforementioned paragraphs as if fully stated herein.

_____
PLAINTIFF'S ORIGINAL PETITION Page— 7

Unofficial Copy

47. Plaintiff engaged in protected activity when he requested accommodations and reported discrimination and retaliation he was experiencing and discrimination and retaliation that he witnessed against other employees.

48. Defendant violated the ADA and Title VII when it disciplined, demoted, and isolated Plaintiff for engaging in those activities.

49. Defendant's actions have caused damages to Plaintiff.

## VII
## THIRD CAUSE OF ACTION: TEXAS LABOR CODE DISCRIMINATION

50. Plaintiff realleges and incorporates the statements and allegations in the aforementioned paragraphs as if fully stated herein.

51. Defendant is an employer under Chapter 21 of the Texas Labor Code.

52. Plaintiff has a disability under the Chapter 21 of the Texas Labor Code.

53. Plaintiff requested accommodations for his disabilities.

54. Defendant failed to accommodate Plaintiff.

55. Defendant violated the Texas Labor Code when it disciplined, demoted, and isolated Plaintiff because of his disabilities and requests for accommodation.

56. Defendant's actions have caused damages to Plaintiff.

## VII
## THIRD CAUSE OF ACTION: TEXAS LABOR CODE RETALIATION

57. Plaintiff realleges and incorporates the statements and allegations in the aforementioned paragraphs as if fully stated herein.

Unofficial Copy

58.    Plaintiff engaged in protected activity when he requested accommodations and reported discrimination and retaliation he was experiencing and the discrimination that he witnessed against other employees

59.    Defendant violated the Texas Labor Code when it disciplined, demoted, and isolated Plaintiff for engaging in that activity.

60.    Defendant's actions have caused damages to Plaintiff.

## VIII
## JURY DEMAND

61.    Plaintiff demands trial by jury and will tender the appropriate fee.

## IX
## REQUEST FOR DISCLOSURES

62.    Defendant is requested to disclose within 50 days of service of this request the information and material described in Rule 194.2.

## X
## DAMAGES

63.    Plaintiff seeks all damages allowed under the law, including monetary relief for back pay and front pay, as well as:

(a)    Plaintiff seeks an injunction prohibiting Defendant from engaging in unlawful practices.

(b)    Plaintiff seeks additional equitable relief as may be appropriate such as reinstatement, promotion, front pay, and court costs.

(c)    Plaintiff seeks compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

PLAINTIFF'S ORIGINAL PETITION Page— 9

Unofficial Copy

(d)    Plaintiff seeks punitive damages because the violations were willful or in reckless disregard of the law.

(d)    Plaintiff seeks reasonable attorney's fees and costs including reasonable expert fees.

(e)    Plaintiff seeks pre and post judgment interest at the maximum rate allowed by law.

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendant be cited to appear and, that upon a trial on the merits, that all relief requested be awarded to Plaintiff, and for such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ Colin Walsh

Colin Walsh
Texas Bar No. 24079538
*Board Certified Specialist, Texas Board of*
*Legal Specialization, Labor and Employment Law*

WILEY WALSH, P.C.
1011 San Jacinto Blvd., Ste. 401
Austin, TX 78701
Phone: (512) 271-5527
Fax: (512) 201-1263
colin@wileywalsh.com

ATTORNEY FOR PLAINTIFF

---

PLAINTIFF'S ORIGINAL PETITION Page— 10

Unofficial Copy

# EXHIBIT I

FILED
5/27/2020 9:05 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Brenda Carrillo

m/o

CAUSE NO. 2020-CI-09505

| | | |
|---|---|---|
| JOHN HANCOCK | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | 166th JUDICIAL DISTRICT |
| SECURITAS SECURITY SERVICES USA, INC., | § § § § | |
| Defendant. | § § § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOURES

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COMES Plaintiff and files this, his Original Petition and Request for Disclosures, and respectfully shows the following:

### I
### DISCOVERY CONTROL PLAN

1. Plaintiff intends that this suit be governed by discovery control plan level two.

2. Plaintiff seeks monetary relief more than $200,000, but less than $1,000,000.

### II
### PARTIES

3. Plaintiff John Hancock is an individual who resides in Bexar County, Texas.

4. Defendant, Securitas Security Services, USA, Inc. ("Securitas") is a foreign corporation doing business in Bexar County and may be served through its

PLAINTIFF'S ORIGINAL PETITION Page— 1

registered agent, National Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## III
## JURISDICTION AND VENUE

5. Jurisdiction is appropriate because the acts giving rise to this petition occurred in the State of Texas.

6. Venue is appropriate because the acts giving rise to this lawsuit occurred within Bexar County, Texas.

## IV
## FACTS

7. Mr. Hancock first started working for Securitas in January 2015.

8. In April 2017, he was promoted to Director of Operations for Central Texas.

9. Shortly thereafter, in November 2017, he was promoted again to Vice President of Response Services North America.

10. This promotion came with an increase in salary to at least $170,000 per year, plus medical coverage valued at around $4,000 per year, and bonuses of at least $50,000 per year, as well as other benefits.

11. In total, as a VP for Response Services, Mr. Hancock expected to make around $250,000 per year.

12. Unfortunately, after promoting him, Securitas then discriminated against him because of his disability and because Securitas perceived him as having a disability.

13. Specifically, in February 2018, Mr. Hancock discovered that he had broken his back most likely in December 2017 during an incident involving Richard Holt. The fracture was discovered in February because Mr. Hancock caught the flu and had severe coughing which aggravated the fracture. The fracture was then discovered during an MRI.

14. Mr. Hancock's doctor required him to wear a back brace at all times, except in bed, for three and a half months.

15. Everyone at Securitas knew of his disability. In fact, Mr. Hancock told management and his coworkers that he had broken his back and wore the back brace at the instruction of his doctor.

16. The back brace did not prevent him from performing any of the essential job duties of VP of Response Services North America.

17. For example, even in a back brace, Mr. Hancock was able to meet the heavy travel requirements throughout the U.S. and Canada, work in the office, meet clients, and perform all other duties as assigned or required for the position.

18. In fact, Mr. Hancock performed his duties extremely well. He received multiple compliments and expressions of gratitude from his clients for still meeting with them despite his obvious disability.

19. Indeed, not a single client ever complained about seeing Mr. Hancock in a back brace.

20. Securitas, however, did not take the same view as its clients.

21. Despite receiving positive feedback from his clients, Securitas demoted Mr. Hancock because of his visible disability.

22. Securitas demoted him from VP of Response Services North America to Branch Manager of Central Texas in April 2018.

23. The demotion initially included a pay cut from the expected $250,000 a year salary to $85,000 a year, a salary decrease of $165,000. Then, starting January 1, 2019, Securitas further cut his salary by $10,000 to $75,000.

24. In total, Securitas cut his salary by $175,000 a year.

25. The demotion was done for discriminatory reasons.

26. There is direct written evidence of these discriminatory reasons.

27. Specifically, several of the written reasons for Mr. Hancock's demotion concern his disability and/or Securitas' perception that he has an impairment.

28. Here is the email the Securitas COO sent Mr. Hancock regarding the reasons for his demotion:



29.    As the email shows, several of the reasons involve his disability or perceived references to a disability.

30.    Moreover, several stated bases are false. For example, one written reason for the demotion is "John told the client he has cancer." This is not an accurate statement. Mr. Hancock never told a client that he had cancer. He did tell a client that he had a cancer scare and that was the reason for any recent unresponsiveness. Mr. Hancock told a client that because he did, in fact, have a cancer scare. There was nothing inappropriate about telling a customer that especially because the customer did not even complain.

31.    Securitas also claims that some clients complained about Mr. Hancock. However, Securitas has never provided a single complaint to substantiate that claim.

32.    Additional incidents of disability discrimination and retaliation include:

- In 2018, Securitas worked The Masters golf tournament. The day before the tournament started, Mr. Hancock met with his supervisors on location, who told him that he had been reassigned from the public-facing manager of the north entry position to one that was hidden from public view as much as possible. The reassignment meant that Mr. Hancock was put in an office by himself inside a building at the back gate. In that location, Mr. Hancock would only interact with people if they were accused of having fraudulent tickets. The stated reason for this last-minute change was "sensitivity to his condition." The

"condition" referred to Mr. Hancock's back brace. In other words, Securitas wanted to hide him because of his disability. That is direct evidence disability discrimination.

- In 2019, Mr. Hancock was similarly not invited to work the upcoming Masters golf tournament. When Mr. Hancock discussed this issue with an AVP at Securitas, the AVP referenced his past disabilities, saying that maybe not being invited would keep him from getting injured for a third year.

33. Mr. Hancock is not the only person who has been discriminated against.

34. Mr. Hancock is personally aware of several incidents of racial discrimination and discrimination against military service members. For example, Abe Barge, an African American, and Trinidad Gutierrez, a Latino, are both being paid about $10,000 less than white employees performing the same job functions. Mr. Hancock believes that this is race discrimination because there are no other differences besides race between the white employees being paid more and Mr. Barge and Mr. Gutierrez.

35. Securitas also discriminates against military servicemembers. For example, Esteban Sierra, an active duty servicemember, was paid half the annual bonus that the civilian person replacing him was paid for the same amount of work. Both of them worked only six months of the year. Therefore, their bonuses should have been equal. They were not. The only difference is that Mr. Sierra is active duty military.

36.    Mr. Hancock dual filed a charge of discrimination with the EEOC and TWC on February 5, 2019.

37.    On February 26, 2020, Mr. Hancock received his right to sue. On May 27, 2020, Mr. Hancock requested his right to sue from the Texas Workforce Commission.

38.    All conditions precedent to the filing of this suit have been met.

## V
## FIRST CAUSE OF ACTION: ADA DISCRIMINATION

39.    Plaintiff realleges and incorporates the statements and allegations in the aforementioned paragraphs as if fully stated herein.

40.    Defendant is an employer under the Americans with Disabilities Act.

41.    Plaintiff has a disability under the Americans with Disabilities Act.

42.    Plaintiff requested accommodations for his disabilities.

43.    Defendant failed to accommodate Plaintiff.

44.    Defendant violated the ADA when, among the other allegations above, it disciplined, demoted, and isolated Plaintiff because of his disabilities and requests for accommodation.

45.    Defendant's actions have caused damages to Plaintiff.

## VI
## SECOND CAUSE OF ACTION: ADA AND TITLE VII RETALIATION

46.    Plaintiff realleges and incorporates the statements and allegations in the aforementioned paragraphs as if fully stated herein.

47.   Plaintiff engaged in protected activity when he requested accommodations and reported discrimination and retaliation he was experiencing and discrimination and retaliation that he witnessed against other employees.

48.   Defendant violated the ADA and Title VII when it disciplined, demoted, and isolated Plaintiff for engaging in those activities.

49.   Defendant's actions have caused damages to Plaintiff.

## VII
## THIRD CAUSE OF ACTION: TEXAS LABOR CODE DISCRIMINATION

50.   Plaintiff realleges and incorporates the statements and allegations in the aforementioned paragraphs as if fully stated herein.

51.   Defendant is an employer under Chapter 21 of the Texas Labor Code.

52.   Plaintiff has a disability under the Chapter 21 of the Texas Labor Code.

53.   Plaintiff requested accommodations for his disabilities.

54.   Defendant failed to accommodate Plaintiff.

55.   Defendant violated the Texas Labor Code when it disciplined, demoted, and isolated Plaintiff because of his disabilities and requests for accommodation.

56.   Defendant's actions have caused damages to Plaintiff.

## VII
## THIRD CAUSE OF ACTION: TEXAS LABOR CODE RETALIATION

57.   Plaintiff realleges and incorporates the statements and allegations in the aforementioned paragraphs as if fully stated herein.

58.   Plaintiff engaged in protected activity when he requested accommodations and reported discrimination and retaliation he was experiencing and the discrimination that he witnessed against other employees

59.   Defendant violated the Texas Labor Code when it disciplined, demoted, and isolated Plaintiff for engaging in that activity.

60.   Defendant's actions have caused damages to Plaintiff.

## VIII
## JURY DEMAND

61.   Plaintiff demands trial by jury and will tender the appropriate fee.

## IX
## REQUEST FOR DISCLOSURES

62.   Defendant is requested to disclose within 50 days of service of this request the information and material described in Rule 194.2.

## X
## DAMAGES

63.   Plaintiff seeks all damages allowed under the law, including monetary relief for back pay and front pay, as well as:

(a)   Plaintiff seeks an injunction prohibiting Defendant from engaging in unlawful practices.

(b)   Plaintiff seeks additional equitable relief as may be appropriate such as reinstatement, promotion, front pay, and court costs.

(c)   Plaintiff seeks compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

(d)     Plaintiff seeks punitive damages because the violations were willful or in reckless disregard of the law.

(d)     Plaintiff seeks reasonable attorney's fees and costs including reasonable expert fees.

(e)     Plaintiff seeks pre and post judgment interest at the maximum rate allowed by law.

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendant be cited to appear and, that upon a trial on the merits, that all relief requested be awarded to Plaintiff, and for such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

*/s/ Colin Walsh*

Colin Walsh
Texas Bar No. 24079538
*Board Certified Specialist, Texas Board of*
*Legal Specialization, Labor and Employment Law*

WILEY WALSH, P.C.
1011 San Jacinto Blvd., Ste. 401
Austin, TX 78701
Phone: (512) 271-5527
Fax: (512) 201-1263
colin@wileywalsh.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT J

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOHN HANCOCK,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION** |
| | § | **NO.** _____ |
| **SECURITAS SECURITY SERVICES** | § | |
| **USA, INC.    ,** | § | |
| | § | |
| *Defendant.* | § | |

---

### LIST OF PARTIES AND COUNSEL OF RECORD AS OF JULY 6, 2020

---

Defendant Securitas Security Services, USA, Inc., files this list of parties and counsel.

**COUNSEL FOR PLAINTIFF JOHN HANCOCK**

**Colin Walsh**
WILEY WALSH, P.C.
1011 San Jacinto Blvd., Ste. 401
Austin, TX 78701
Phone: (512) 271-5527
Fax: (512) 201-1263
colin@wileywalsh.com


**COUNSEL FOR DEFENDANT SECURITAS SECURITY SERVICES USA, INC.**

**Barry A. Moscowitz**
**Jordan P. Woody**
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-Mail: bmoscowitz@thompsoncoe.com
E-Mail: jwoody@thompsoncoe.com

Respectfully Submitted,

/s/ Jordan P. Woody
**Barry A. Moscowitz**
State Bar No. 24004830
**Jordan P. Woody**
State Bar No. 24085665

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-Mail: bmoscowitz@thompsoncoe.com
E-Mail: jwoody@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT SECURITAS SECURITY SERVICES USA, INC.**

**CERTIFICATE OF SERVICE**

In accordance with the Federal Rules of Civil Procedure, I certify a true and correct copy of the foregoing document was served upon Plaintiff via the Court's electronic filing system on July 6, 2020 a courtesy copy will be mailed via First Class Mail.

Colin Walsh
WILEY WALSH, P.C.
1011 San Jacinto Blvd., Ste. 401
Austin, TX 78701
Phone: (512) 271-5527
Fax: (512) 201-1263
colin@wileywalsh.com

*Attorney for Plaintiff*

/s/ Jordan P. Woody
Jordan P. Woody

# EXHIBIT K

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOHN HANCOCK,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION** |
| | § | **NO.** _____ |
| **SECURITAS SECURITY SERVICES** | § | |
| **USA, INC.    ,** | § | |
| | § | |
| *Defendant.* | § | |

---

**DEFENDANT SECURITAS SECURITY SERVICES USA, INC.
CORPORATE DISCLOSURE STATEMENT**

---

Pursuant to Federal Rule of Civil Procedure 7.1, which states:

A nongovernmental corporate party to an action or proceeding in a district court must file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.

**SECURITAS SECURITY SERVICES USA, INC.**

who is a (check one)    ☐PLAINTIFF        ☒DEFENDANT in this action, makes the following

disclosure:

1. Is party a publicly held corporation or other publicly held entity?

    (Check one)        ☐YES            ☒ NO

2. Does party have any parent corporations?

    (Check one)        ☒YES            ☐NO

**DEFENDANT SECURITAS SECURITY
SERVICES USA, INC. CORPORATE
DISCLOSURE STATEMENT                                    PAGE 1**

3.  Is 10% or more of the stock of party owned by a publicly held corporation or other publicly

    held entity?

    (Check one)         ☐YES         ☒NO

    If YES, identify all such owners: N/A.

4.  Is there any other publicly held corporation or other publicly held entity that has a direct

    financial interest in the outcome of the litigation?

    (Check one)         ☐YES         ☒NO

    If YES, identify entity and nature of interest: N/A

5.  Is party a trade association?

    (Check one)         ☐YES         ☒NO

    If YES, identify all members of the association, their parent corporations, and any

    publicly held companies that own 10% or more of a member's stock: N/A


                                    Respectfully Submitted,

                                    /s/ Jordan P. Woody
                                    **Barry A. Moscowitz**
                                    State Bar No. 24004830
                                    **Jordan P. Woody**
                                    State Bar No. 24085665
                                    THOMPSON, COE, COUSINS & IRONS, L.L.P.
                                    700 N. Pearl Street, Twenty-Fifth Floor
                                    Dallas, Texas 75201-2832
                                    Telephone: (214) 871-8200
                                    Facsimile: (214) 871-8209
                                    E-Mail: bmoscowitz@thompsoncoe.com
                                    E-Mail: jwoody@thompsoncoe.com
                                    **ATTORNEYS    FOR    DEFENDANT
                                    SECURITAS   SECURITY   SERVICES
                                    USA, INC.**


**DEFENDANT SECURITAS SECURITY
SERVICES USA, INC. CORPORATE
DISCLOSURE STATEMENT**                                      **PAGE 2**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I certify a true and correct copy of the foregoing document was served upon Plaintiff via the Court's electronic filing system on July 6, 2020 a courtesy copy will be mailed via First Class Mail.

Colin Walsh
WILEY WALSH, P.C.
1011 San Jacinto Blvd., Ste. 401
Austin, TX 78701
Phone: (512) 271-5527
Fax: (512) 201-1263
colin@wileywalsh.com

*Attorney for Plaintiff*

*/s/ Jordan P. Woody*
Jordan P. Woody

**DEFENDANT SECURITAS SECURITY
SERVICES USA, INC. CORPORATE
DISCLOSURE STATEMENT**                                      **PAGE 3**

# EXHIBIT L

CAUSE NO. 2020-CI-09505

| | | | |
|---|---|---|---|
| JOHN HANCOCK, | § | | IN THE DISTRICT COURT |
| | § | | |
| Plaintiff, | § | | |
| | § | | |
| V. | § | | 166TH JUDICIAL DISTRICT |

JOHN HANCOCK,                        §        IN THE DISTRICT COURT
                                     §
           Plaintiff,                §
                                     §
V.                                   §        166TH JUDICIAL DISTRICT
                                     §
SECURITAS SECURITY SERVICES          §
USA, INC.,                           §
           Defendant.                §        BEXAR COUNTY, TEXAS
                                     §

---

**DEFENDANT SECURITAS SECURITY SERVICES USA, INC.'S NOTICE OF FILING OF NOTICE OF REMOVAL**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

On July 6, 2020, Defendant Securitas Security Services USA, Inc., filed its *Notice of Removal* with the clerk of the United States District Court for the Western District of Texas, San Antonio Division. A copy of which is attached hereto as **Exhibit 1**. The removal is effective upon filing this *Notice of Removal*. Accordingly, Defendant respectfully requests this Court proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court. 28 U.S.C. § 1446(d).

Respectfully Submitted,

*/s/ Jordan P. Woody*
**Barry A. Moscowitz**
State Bar No. 24004830
**Jordan P. Woody**
State Bar No. 24085665

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832

Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-Mail: bmoscowitz@thompsoncoe.com
E-Mail: jwoody@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT SECURITAS SECURITY SERVICES USA, INC.**

## CERTIFICATE OF SERVICE

In accordance with the Texas Rules of Civil Procedure, I certify a true and correct copy of the foregoing document was served upon Plaintiff on the 6th day of July, 2020.

Colin Walsh
WILEY WALSH, P.C.
1011 San Jacinto Blvd., Ste. 401
Austin, TX 78701
Phone: (512) 271-5527
Fax: (512) 201-1263
colin@wileywalsh.com

*Attorney for Plaintiff*

*/s/ Jordan P. Woody*
Jordan P. Woody