IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN HANCOCK, | § | |
| | § | |
| Plaintiff, | § | SA-20-CV-00785-ESC |
| | § | |
| vs. | § | |
| | § | |
| SECURITAS SECURITY SERVICES | § | |
| USA, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court in the above-styled cause of action is Defendant's Motion for Partial Summary Judgment [#25]. The undersigned has authority to enter this Order as both parties have consented to the jurisdiction of a United States Magistrate Judge [#8, #9, #10]. Having considered Defendant's motion and Plaintiff's response [#27], the Court will deny the motion.

## I. Procedural Background

Plaintiff John Hancock filed this action in state court on May 26, 2020, against his employer, Securitas Security Services USA, Inc., alleging disability discrimination in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), and unlawful retaliation in violation of the ADA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII"). (Orig. Pet. [#1], at 40.) Plaintiff's Original Petition also included state-law claims under Chapter 21 of the Texas Labor Code regarding the same alleged discrimination and retaliation. Plaintiff thereafter filed a First Amended Petition, which reasserts the same claims. (First Am. Pet. [#1], at 8.) Defendant removed the case after Plaintiff filed his First Amended Petition, which remains the live pleading in the case.

Plaintiff's First Amended Petition alleges that Defendant discriminated against him due to a disability. (*Id.* at 9, ¶¶ 12–14.) According to the Amended Petition, Defendant promoted Plaintiff in April 2017 to the position of Vice President of Response Services of North America, for which he received $170,000 per year (with an expectation to make up to $250,000 per year). (*Id.* at 9, ¶¶ 8–11.) Plaintiff alleges he discovered that he had fractured his back in February 2018, and his doctor required him to wear a back brace at all times, except when sleeping. (*Id.* at 10, ¶¶ 13–14.) Plaintiff claims Defendant demoted him in April 2018 to the position of Branch Manager of Central Texas and cut his salary to $75,000. (*Id.* at 11, ¶¶ 22–23.)

Plaintiff alleges Defendant failed to accommodate his disability and discriminated against him because of that disability when it demoted him in April 2018. (*Id.* at 14, ¶¶ 39–45.) Plaintiff also alleges that Defendant retaliated against him for engaging in the protected activity of requesting accommodations for his disability and reporting race discrimination he witnessed against other employees. (*Id.* at 14–15, ¶¶ 46–49.) In addition to detailing the alleged disability discrimination Plaintiff personally suffered, Plaintiff's Charge of Discrimination complains that he witnessed several incidents of Defendant engaging in racial discrimination against other employees and discrimination against military servicemembers. (Charge [#25], at 20–21.) The Charge states that Plaintiff's "hope in bringing these issues to light is to ensure these deserving employees are fairly compensated for their work and to ensure [Defendant] stops unlawfully discriminating against them based on race and military status." (*Id.*) Plaintiff's Amended Petition asserts the following claims: (1) discrimination under the ADA; (2) retaliation under the ADA and Title VII (3) disability discrimination under the Texas Labor Code; and (4) retaliation under the Texas Labor Code. (First Am. Pet. [#1], at 14–16, ¶¶ 39–60.)

Defendant has filed a motion for partial summary judgment, arguing that it is entitled to summary judgment on Plaintiff's failure-to-accommodate claims under the ADA and Texas Labor Code because Plaintiff failed to exhaust his administrative remedies as to these claims. Defendant also argues that Plaintiff's Title VII retaliation claim fails as a matter of law because Plaintiff has not engaged in any protected activity recognized under Title VII's anti-retaliation statute.

### III. Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Catrett*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions,

affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

"After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174. However, if the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

## IV. Analysis

The Court declines to reach the merits of Defendant's administrative exhaustion argument because Defendant waived this argument by failing to plead or otherwise provide Plaintiff with notice that it intended to rely on an exhaustion defense. Accordingly, Plaintiff may pursue his disability discrimination claims arising under the ADA and the Texas Labor Code on both a theory of disparate treatment and a failure to accommodate, as well as his ADA and Texas Labor Code retaliation claims based on complaints about such conduct. Finally, the Court denies Defendant's motion for summary judgment on Plaintiff's Title VII retaliation claim because Plaintiff's Title VII retaliation claim is predicated on his alleged complaints about racial discrimination, not his protected activity under the ADA.

**A.    The ADA and Texas Labor Code have an administrative exhaustion requirement.**

The ADA prohibits employers from discriminating against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, the advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and

privileges of employment." 42 U.S.C. § 12112(a). Discrimination under the ADA includes both a failure to accommodate a disability and disparate treatment because of a disability. *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 703 n.6 (5th Cir. 2014).

Chapter 21 of the Texas Labor Code similarly makes it unlawful for an employer "to fail or refuse to make a reasonable workplace accommodation to a known physical or mental limitation of an otherwise qualified individual with a disability . . . unless [the employer] demonstrates that the accommodation would impose an undue hardship on the operation of the business." Tex. Lab. Code § 21.128(a).

The ADA has an administrative exhaustion requirement, which it incorporates from Title VII. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). An employee must timely file a charge with the Equal Employment Opportunity Commission ("EEOC") or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice before commencing a civil action in federal court under either Title VII or the ADA. *See id.* (citing 42 U.S.C. § 2000e-5(e)(1)). A civil action must be commenced within 90 days of receiving a right-to-sue letter from the EEOC or state or local agency. 42 U.S.C. § 2000e-5(f)(1).

The purpose of Chapter 21 of the Labor Code is to implement the policies of the ADA and Title VII. Tex. Lab. Code § 21.001(1), (3). Thus, courts look to ADA case precedents in construing disability claims under the Texas Labor Code, including looking to ADA precedents on exhaustion requirements in evaluating whether the Labor Code's exhaustion requirements have been satisfied. *See Williams v. Tarrant Cty. Coll. Dist.*, 717 Fed. App'x 440, 445 (5th Cir. 2018).

**B.  Defendant waived its right to assert the affirmative defense of failure to exhaust administrative remedies.**

Plaintiff contends that Defendant waived its right to assert the affirmative defense of failure to exhaust administrative remedies.  The Court agrees.  Defendant judicially admitted in its Answer that Plaintiff satisfied all conditions precedent to filing this suit.  (Answer [#6], at 4, ¶ 38.)  Additionally, Defendant failed to plead the affirmative defense of failure to exhaust administrative remedies in its Answer, and the deadline to amend pleadings has long passed.

The ADA's exhaustion requirement, like Title VII's, is not jurisdictional.  *Williams v. J.B. Hunt Transport, Inc.*, 826 F.3d 806, 810 (5th Cir. 2016) (holding that ADA exhaustion requirement is "jurisprudential" rather than jurisdictional in nature and district court erred in dismissing ADA claim for lack of subject-matter jurisdiction); *see also Fort Bend Cnty., Tex. v. Davis*, --U.S.--, 139 S. Ct. 1843, 1851 (2019) ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts.").  Accordingly, a "[f]ailure to exhaust is an affirmative defense that should be pleaded." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2018).

A failure to plead an affirmative defense results in waiver of the defense. *See* Fed. R. Civ. P. 8(c); *see also Davis*, 893 F.3d at 308 ("Title VII's administrative exhaustion requirement is not a jurisdictional bar to suit but rather a prudential prerequisite under our binding precedent, and Fort Bend forfeited its exhaustion argument by not raising it in a timely manner before the district court."); *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 169 (5th Cir. 2018) (explaining that "the exhaustion requirement under Title VII is merely a precondition to filing suit" and "is subject to waiver and estoppel").

By waiting to raise the defense of failure to exhaust administrative remedies until its summary judgment motion, Defendant waived the defense. The deadline for amending

pleadings, which was January 29, 2021, has long expired. (*See* Scheduling Order [#16] at 1.) Discovery has closed. (*See id.* at 2.) Trial is set for October 4, 2021, just a few months away. (*Id.*) Although the Fifth Circuit has recognized that Rule 8's pleading requirement has "some play in the joints," technical noncompliance with the rule may only be excused where the failure to raise the defense in a timely manner "does not result in unfair surprise" to the plaintiff. *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (internal quotation and citation omitted).

The summary judgment record establishes that Plaintiff specifically asked Defendant during discovery as to whether it intended to raise an exhaustion issue in a dispositive motion or at trial. One of Plaintiff's interrogatories asked Defendant whether it contends "that Plaintiff has failed to meet any statute of limitations or has failed to timely exhaust [his] administrative remedies." (Interrogatory 7 [#19-1], at 86.) Defendant responded to the interrogatory by stating that it only intended to pursue the defense of failure to exhaust regarding Plaintiff's purported failure to obtain a right to sue letter from the Texas Workforce Commission, in addition to an EEOC Notice of Right to Sue, prior to filing suit on Plaintiff's Texas Labor Code claims. (Discovery Resp. [#19-1], at 87.) This is a distinct argument from the exhaustion defense presented in Defendant's motion for partial summary judgment.

In summary, Plaintiff did not have notice of Defendant's exhaustion argument with respect to Plaintiff's failure-to-accommodate and retaliation claims until Defendant filed its summary judgment motion. Defendant's failure to timely plead and raise its exhaustion argument waived this affirmative defense. The Court declines to excuse Defendant's waiver in this instance, considering Defendant's repeated failure to raise the defense, despite being in possession of the information needed to do so from the beginning of this lawsuit. To excuse

Defendant's untimeliness would result in unfair surprise to Plaintiff, only months away from trial. The Court will therefore not reach the merits of Defendant's exhaustion defense, and Plaintiff may proceed to trial on both of its theories of disability discrimination under the ADA—disparate treatment and failure to accommodate—and his retaliation claim arising under the ADA.

This Court reaches the same conclusion as to Plaintiff's companion state-law claims. Plaintiff's response to Defendant's motion does not separately address the question of whether the Texas Labor Code's exhaustion requirement is jurisdictional or waivable, and Defendant declined to file a reply in response to Plaintiff's waiver argument that might have briefed this issue. The Texas Supreme Court has previously held that the Texas Labor Code's exhaustion requirement is "mandatory and jurisdictional." *See Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991). But its more recent decisions have called this holding into question with respect to cases involving private litigants. *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (overruling prior precedent characterizing a plaintiff's "failure to establish a statutory prerequisite as jurisdictional" in a suit between private parties).

Texas courts have continued to enforce administrative exhaustion as a jurisdictional prerequisite to suit in cases filed against government entities. *See Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 510 (Tex. 2012). In the wake of *Dubai*, however, lower courts in Texas and federal courts applying Texas law have expressed uncertainty about whether a failure to exhaust remedies under the Texas Labor Code remains a jurisdictional bar to civil suit in suits between private litigants, like this one. *See Free v. Granite Publications, L.L.C.*, 555 S.W.3d 376, 377–79 (Tex. App.—Austin 2018, no pet.); *Black v. Dallas Cnty. Cmty. Coll. Dist.*, No.

8

3:15-CV-3761-D, 2017 WL 395695, at *4 n.7 (N.D. Tex. Jan. 30, 2017); *Yeh v. Chesloff*, 483 S.W.3d 108, 113 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

The Texas Supreme Court has not revisited its prior holdings regarding the Texas Labor Code's exhaustion requirement since the Fifth Circuit and Supreme Court issued their recent decisions clarifying that the ADA's and Title VII's exhaustion requirements are not jurisdictional. Because Defendant has not briefed the Court specifically on why Plaintiff's claims under the Texas Labor Code are subject to a nonwaivable, jurisdictional exhaustion requirement, the Court will deny Defendant's motion for summary judgment as to Plaintiff's disability discrimination and retaliation claims under the Texas Labor Code as well.

**C.      Defendant is not entitled to summary judgment on Plaintiff's Title VII retaliation claim.**

In addition to raising its exhaustion argument as to Plaintiff's ADA and Texas Labor Code failure-to-accommodate claims, Defendant contends that Plaintiff's Title VII retaliation claim fails because he cannot establish that he engaged in a protected activity under Title VII. Notably, Defendant's argument is based as a matter of law on the pleadings, as opposed to an argument based on a lack of evidence on this point. Defendant argues that any retaliation against Plaintiff for his request for an accommodation on account of his disability is not protected activity within the meaning of Title VII, because disability status is not a protected class under Title VII.

True, a Title VII retaliation claim is only viable if a plaintiff shows that he engaged in conduct protected by Title VII. See 42 U.S.C. § 2000e–3(a). The only protected classes under Title VII are race, color, religion, sex, or national origin. See *id.* at §§ 2000e–2(a)(1), (2). And Defendant is correct that Plaintiff's Title VII retaliation cannot be predicated on any activity Plaintiff engaged in that was protected by the ADA, as opposed to Title VII.

9

But in addition to pleading that Defendant retaliated against him for engaging in ADA-protected activity, Plaintiff has also pleaded that Defendant retaliated against him because he reported race discrimination that he witnessed against other employees. (First Am. Pet. [#1], at 16, ¶ 58.) Complaints about race discrimination against coworkers qualifies as protected activity under Title VII. *See Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003).

Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission and the EEOC on February 5, 2019. (Charge [#25] at 19–21.) In the Charge, Plaintiff checked the boxes associated with disability discrimination and retaliation. (*Id.* at 19.) His statement in the Charge describes the facts surrounding his alleged demotion due to his disability and also reports personally witnessing **racial** discrimination by Defendant against non-Caucasian employees. (*Id.* at 20.) In sum, Defendant has not established that it is entitled to summary judgment as to any of Plaintiff's claims.

## V.  Conclusion

Having considered Defendant's motion, Plaintiff's response, the summary judgment record, and governing law,

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment [#25] is **DENIED**.

SIGNED this 7th day of July, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE